|  | UNITED STATES DISTRICT COURT |
|---|---|
|  | SOUTHERN DISTRICT OF FLORIDA |
| RICKENBACKER MARINA, INC., | IN ADMIRALTY |
| Plaintiff, |  |
| vs. | CASE NO. 98-3139  |
| IVAN BORDAS, *in personam*, |  |
| and S/Y "WINDARJI," No. 365816RT, | CIV-HIGHSMITH |
| its engines, equipment and appurtenances, |  |
| *in rem*, | COMPLAINT. |
|  | MAGISTRATE JUDGE |
| Defendants | BROWN |
| _____/ |  |

1. This is a case of admiralty and maritime jurisdiction, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and pursuant to 28 U.S.C. 1333.

2. Plaintiff RICKENBACKER MARINA, INC. (hereinafter RICKENBACKER), operates a marina in Miami, Miami-Dade County, Florida, where the subject vessel is and was docked at pertinent times.

3. Plaintiff RICKENBACKER is a Florida corporation with its principal office in, and a citizen of, Miami-Dade County, Florida. The marina is located at 3301 Rickenbacker Causeway, Key Biscayne, Florida 33149.

4. Defendant IVAN BORDAS (hereinafter BORDAS), is an individual residing in Miami-Dade County, Florida.

5. BORDAS is, or was at all relevant times, the named owner of the *in rem* vessel, "WINDARJI." The vessel is a 38-foot auxiliary sailing yacht manufactured by Specialized Moldings in or about 1978, identified by Number 365816RT. The vessel is presently within the Southern District of Florida.

6. BORDAS entered into a Dockage and Service Agreement with RICKENBACKER for dockage of the subject vessel on or about 10 December 1987, copy of which is attached as Exhibit "A.".



7. All relevant events in this action took place in Miami-Dade County, Florida.

8. All conditions precedent to bringing this action have occurred, have been performed or have been waived.

9. RICKENBACKER has provided dockage for the yacht from the date of the agreement and continuing to the present.

10. BORDAS owes to RICKENBACKER for dockage of the yacht the amount of $5,931.00 through January, 1999. A copy of the most recent account statement is attached as Exhibit "B."

11. BORDAS has not disputed the amounts owed to RICKENBACKER.

12. BORDAS has failed and refused to pay the amount due to RICKENBACKER, though duly demanded.

13. RICKENBACKER has been required to retain the undersigned attorney to enforce the provisions of the Agreement and to collect amounts owed. RICKENBACKER is entitled to recover its reasonable attorney fees pursuant to Paragraph 14 of the dockage agreement.

14. The aforementioned charges, goods and services are all valid maritime liens incurred by the in rem vessel.

## Count I - Breach of Contract

15. Paragraphs 1 through 14 are incorporated by reference.

16. BORDAS has breached his contract with RICKENBACKER by failing and refusing to pay charges owed for the yacht, despite due demand.

17. RICKENBACKER has suffered damages from breach of the Agreement by BORDAS in an amount of at least $5,931.00 .

## Count II - Foreclosure of Maritime Lien

18. Paragraphs 1 through 14 are incorporated by reference.

3                                                                                        CASE NO.

19. RICKENBACKER has a maritime lien against the <u>in rem</u> vessel for providing necessaries, as prescribed by the Federal Maritime Commercial Instruments and Liens Act, 46 USC §31341 et seq.

20. RICKENBACKER provided necessaries to the yacht upon the order of persons with apparent authority of the owner.

21. RICKENBACKER is hereby enforcing its maritime lien against the vessel and its owner.

<u>Count III - In Rem Action</u>

22. Paragraphs 1 through 14 are incorporated by reference.

23. RICKENBACKER provided dockage services to the yacht "WINDARJI" in good faith upon the request of persons with apparent authority of the owner.

24. The vessel benefitted from the dockage services provided.

25. The yacht is a navigable vessel and RICKENBACKER is located on navigable waters of the United States.

26. RICKENBACKER relied upon the credit of the vessel <u>in rem</u> when providing such dockage services.

27. RICKENBACKER has not received payment from the yacht's owner, despite due demand.

WHEREFORE, Plaintiff prays:

a) That process be issued according to the rules and practice of this Court in causes of admiralty and maritime jurisdiction against the vessel, "WINDARJI", No. 365816RT, its engines, equipment and appurtenances, etc, and against Defendant, IVAN BORDAS, citing them to appear and answer all and singular the matters aforesaid;

4                                                                        CASE NO.

b)    That if the in personam defendants shall not be found within the District, then the Court shall authorize attachment and garnishment of the in rem vessel pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

c)    That the Court declare that the amounts owed are valid maritime liens against the vessel;

d)    That the vessel be deemed abandoned if no claims of owner be made in this action, after due notice, and that title to the vessel thereby be granted to Plaintiff;

e)    That, in the event that claims of owner be made but that no bond for release of the vessel be filed, then the vessel be condemned and sold to satisfy the liens of Plaintiff, in whole or part, with interest, costs, expenses and attorney fees;

f)    That judgment in personam and in rem be entered against Defendants for the amount of Plaintiff's claims, with interest, costs, expenses and attorney fees, and that the U.S. Marshal conduct a sale of the in rem vessel;

g)    That Plaintiff have such other relief as may be justified.

                                JOHN H. THOMAS, P.A.
                                Attorney for Plaintiff
                                3037 SW 4th Avenue
                                Miami, FL  33129
                                (305) 858-2122
                                Fax:  (305) 810-5401

                                By: _____
                                       JOHN H. THOMAS
                                       Fla. Bar No. 266711

1619complaint

## AFFIDAVIT VERIFYING COMPLAINT

Before me, the undersigned authority, appeared RAM MELWANI, personally known to me, who, after upon duly sworn on oath, deposed and said:

1. I am the President of Rickenbacker Marina, Inc., 3301 Rickenbacker Causeway, Key Biscayne, Florida 33149. I have read the foregoing Complaint and I am personally familiar with the facts stated therein.

2. The Complaint is true and correct, to the best of my knowledge, information and belief.

_____
RAM MELWANI

Sworn to and subscribed before me at Miami, Miami-Dade County, Florida, on this 22nd day of December, 1998.

_____
NOTARY PUBLIC

JOHN H. THOMAS
MY COMMISSION # CC 692901
EXPIRES: October 30, 2001
1-800-3-NOTARY   Fla. Notary Service & Bonding Co.

1619affd.compl

# RICKENBACKER MARINA, INC.

3301 RICKENBACKER CAUSEWAY
KEY BISCAYNE, FLORIDA 33149
(305) 361-1900

## DOCKAGE AND SERVICE AGREEMENT

THIS IS AN AGREEMENT between RICKENBACKER MARINA, INC., hereinafter referred to as the MARINA and the undersigned vessel OWNER, hereinafter referred to as OWNER. The MARINA agrees to grant to OWNER the right to dock his vessel, described below, at a designated location in the MARINA, in return for the OWNER'S payment of dockage rental.

### DESCRIPTION OF THE BOAT

Boat Name: __WINDARJI__   Home Port: __Hilton Head SC__
Mfr: __Specialized Moldings__   Yr: __1978__   Color: __Beige__
Registration or Documentation No: __365816 RT__   State or Country: __USA__
Length: __38'__   Beam: __11.0__   Draft: __6.0__
Power: __aux/ilary deisel__   Rig or Type: __Ketch__
Owner's Name: __Ivan Bordas__
Home Address: __12700 Old Cutler Rd. Miami Fla 33156__
Business Address: __Box 28163 San Juan P. Rico__
Home Phone No: __665-2582__   Business Phone No: __(809) 722-2504__
Insurance Carrier: ____   Agent: ____
Policy No: ____

Emergency Contact: __Sandra Bordas - (305) 665-2582__

This Agreement shall commence on __12-10__ , 19 __87__ , and shall continue until (minimum 3 months) ____ , unless first terminated under the terms and conditions of this Agreement. Rental shall be payable monthly in advance on or before the first of each month, at a rate of $ __319.05__ , plus tax of $ __15.55__ , for a total of $ __335.00__ per month, but the rental may be adjusted as stated in paragraph 12 of the terms and conditions of this Agreement. A security deposit in the amount of $ __335.00__ is required upon execution of this contract and is hereby acknowledged. The vessel shall be placed in slip No: __B30__ .

THE OWNER DOES ACKNOWLEDGE THAT HE HAS READ AND UNDERSTANDS ALL THE TERMS AND CONDITIONS ON BOTH SIDES OF THIS AGREEMENT AND AGREES TO ABIDE THEREBY.

This Agreement is signed at Miami, Dade County, Florida, on __12-10__ , 19 __87__ .

335.00 SEC. DEP.
234.00 Dec Dockage
# 569.00

_[signature]_
RICKENBACKER MARINA, INC.

IVAN BORDAS
PRINT NAME OF OWNER OR OWNERS

_[signature]_
SIGNATURE OF OWNER OR OWNERS

AUTHORIZED USERS:
__None__

Exhibit A - 2 pp.

## TERMS AND CONDITIONS OF DOCKAGE AND SERVICE AGREEMENT

1. The OWNER agrees that he and all his guests, family, employees, and agents shall comply fully and completely with all rules and regulations of the MARINA, which can be secured from the MARINA OFFICE upon request.

2. This Agreement is for the rental of dockage space, and is not a bailment of the OWNER'S VESSEL. The vessel, its equipment, and any personal effects remain in the care, custody and control of the OWNER and not the MARINA. Keys left with the MARINA will be at the OWNER'S risk and this does not constitute an assumption of a bailee relationship by the MARINA.

3. The OWNER acknowledges that he has inspected the dockage space and has satisfied himself that it is adequate for the safe and secure dockage of his vessel. The OWNER shall immediately notify the MARINA of any observed dangerous conditions requiring attention by the MARINA. The OWNER shall not alter docks or pilings in any way without written permission from the MARINA.

4. Dockage space and marina facilities are to be used at the OWNER'S sole risk. The OWNER agrees to indemnify the MARINA against all claims, actions, liability and damages, whether claimed by the OWNER, his guests, family, employees, agents, or other third parties, arising out of the OWNER'S possession and use of the MARINA'S dockage space and MARINA facilities.

5. THE MARINA ASSUMES NO RESPONSIBILITY OR LIABILITY FOR THE SAFE DOCKAGE AND MAINTENANCE OF THE OWNER'S VESSEL. THE OWNER IS RESPONSIBLE FOR THE MAINTENANCE AND TIE-UP OF HIS VESSEL. THE OWNER SHALL BE RESPONSIBLE FOR THE PROPER OPERATING CONDITION OF HIS VESSEL'S EQUIPMENT AND FOR THE SIZE AND CONDITION OF HIS DOCK LINES.

6. The OWNER agrees to maintain his boat in a safe and seaworthy condition, and in no way a hazard to other vessels in the MARINA. The OWNER will be liable for any damage caused to MARINA docks, pilings, plumbing, electric wiring, or other damage caused by the OWNER'S vessel being improperly or inadequately secured.

7. The MARINA is hereby authorized by the OWNER to move the OWNER'S vessel at any time necessary for repairs to the MARINA, or in an emergency situation. The OWNER agrees to indemnify the MARINA against any claims, actions, liabilities, or damages arising out of the MARINA'S reasonable attempts to preserve and protect the OWNER'S vessel from any danger or hazard which may occur.

8. While the MARINA shall make reasonable efforts to control the entry of unauthorized persons onto the MARINA docks, it is understood and agreed by the OWNER that the MARINA does not assure that unauthorized persons will not board the OWNER'S vessel.

9. The OWNER will remove his vessel from the MARINA on or before issuance of a hurricane watch by the National Hurricane Center. The MARINA will not be responsible for moving the OWNER'S vessel upon the approach of a hurricane or other storm, though if the MARINA moves the OWNER'S vessel for the safety of the MARINA or other vessels, the OWNER agrees to indemnify the MARINA against all claims, actions, liabilities, and damages for himself and for all third parties, as to the MARINA'S actions.

10. The OWNER is permitted to do only routine maintenance to his vessel, which is not disturbing to the MARINA or to the vessels at the MARINA. Outside contractors and boat brokerage salesmen shall not be permitted into the MARINA without prior permission of the MARINA.

11. No persons shall be allowed to live aboard vessels at the MARINA.

12. It is understood and agreed that the dockage rate stated on this Agreement shall be subject to change by the MARINA at any time, by thirty (30) days written notice to the OWNER. The OWNER may elect to terminate this Agreement upon his notice of a dockage rate increase, if the OWNER provides the MARINA with twenty (20) days written notice of his election to terminate this Agreement.

13. The MARINA may terminate this Agreement immediately if the OWNER has failed to correct any breach of this Agreement, including the rules and regulations of the MARINA, within a reasonable time after the company has notified the OWNER in writing of his breach. This Agreement is automatically terminated if dockage or marina facilities become unserviceable.

14. In the event that it becomes necessary for the MARINA to employ counsel to collect any unpaid dockage bills, or to otherwise enforce the terms of this Agreement, the OWNER agrees to pay to the MARINA the reasonable costs of collection, including attorney's fees and costs of any legal action.

15. All remedies available under this Agreement are cumulative and not exclusive. The conditions of this Agreement are independent and the failure of one or several shall not invalidate the entire Agreement. This Agreement shall constitute the entire contract and agreement between the parties, and it is understood and agreed that the terms of this Agreement cannot be orally varied by anyone unless there is a written Addendum attached hereto signed by an officer of the MARINA. No failure of the MARINA to enforce any of the terms and conditions of this Agreement shall be considered to be a waiver of such terms and conditions in the absence of an expressed written waiver by an officer of the MARINA.

16. All charges for storage are due and owing on the first day of each month, payable in advance. Dockage bills unpaid ten (10) days after due shall be subject to a billing charge of ten dollars per month, until paid in full. The OWNER understands and agrees that the MARINA has a lien upon the vessel for all unpaid charges, and that the MARINA may refuse permission for the vessel to leave the premises until such time as all unpaid charges have been paid.

17. IN THE EVENT THAT OWNER FAILS TO PAY RENT FOR A PERIOD OF SIX MONTHS OR SERVICE CHARGES FOR A PERIOD OF THREE MONTHS, THEN MARINA, AFTER PROVIDING A NOTICE OF NONJUDICIAL SALE TO THE OWNER AT THE ADDRESS PROVIDED ON THE FRONTSIDE OF THIS AGREEMENT, SHALL BE ENTITLED TO PROCEED WITH THE SALE OF THE BOAT WITHIN THE PROVISIONS OF F.S. 328.17. THE OWNER SHALL BE RESPONSIBLE FOR KEEPING THE MARINA INFORMED OF ANY CHANGE OF ADDRESS.

18. Billing shall continue, unless specified in writing regardless whether the boat is in the marina or not.

19. Owner to have their own insurance cover.

FROM :                          PHONE NO. :                           Jan. 08 1997 12:19PM P1

Phone: (305) 361-1900        **STATEMENT**              Card # __1__
FAX: (305) 361-2036          **RICKENBACKER MARINA, INC.**    Boat's Name __WANDARJI__
                             3301 Rickenbacker Causeway
                             Key Biscayne, Florida 33149    Contract date __12/10/87__

Customer:   IVAN BORDAS                                     Slip __B30__
Address:    12700 Old Cutler Road                           Make __SPECIALIZED__
            Miami, FL  33156
                                                            Length __38'__
                                                            FL # _____
Phone:  (Work)     808-722-2604                             Deposit __=0=__
        (Home)        665-2582

Emergency:

Authorized
User:                                TRANSFERED FROM PERMANENT CONTRACT

| DATE  | DESCRIPTION       | CHARGES |    | ✓ | CREDITS | BALANCE |    |
|-------|-------------------|---------|----|---|---------|---------|----|
| 1998  |                   | PREVIOUS BALANCE | | |         | 4437    | 00 |
| 9/11  | Billing charge    | 10      | 00 |   |         | 4447    | 00 |
| 9/20  | OCTOBER DOCKAGE   | 361     | 00 |   |         | 4808    | 00 |
| 10/12 | Billing charge    | 10      | 00 |   |         | 4818    | 00 |
| 10/20 | NOVEMBER DOCKAGE  | 361     | 00 |   |         | 5179    | 00 |
| 11/11 | Billing charge    | 10      | 00 |   |         | 5189    | 00 |
| 11/20 | DECEMBER DOCKAGE  | 361     | 00 |   |         | 5550    | 00 |
| 12/21 | Billing charge    | 10      | 00 |   |         | 5560    | 00 |
| 12/21 | JANUARY DOCKAGE   | 371     | 00 |   |         | 5931    | 00 |

PAYMENT DUE BEFORE 10th OF THE MONTH AFTER WHICH A $10.00 LATE CHARGE WILL BE ADDED TO THE BILL. THANK YOU.


PAY THIS AMOUNT


Exhibit B

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 98-3139 CIV-HIGHSMITH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) MAGISTRATE JUDGE BROWN

**I.(a) PLAINTIFFS**
Rickenbacker Marina, Inc.

**DEFENDANTS**
Ivan Boidas, in personam, and S/Y "Windsorji," No. 365816RT, etc., in rem

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

ADADE 98CV/3139/SH/STB

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John H. Thomas, P.A.
3037 SW 4 Ave., Miami, FL 33129
305/858-2122

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☒ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | A LABOR | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl Ret Inc Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Admiralty and Maritime Contract. 46 USC § 31341 et seq.

LENGTH OF TRIAL
via __1__ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ 5,931.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE None   DOCKET NUMBER _____

DATE 12/22/98
SIGNATURE OF ATTORNEY OF RECORD

---

FOR OFFICE USE ONLY

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE 702763 $150.00   MAG JUDGE 12/22/98